GEORGE COOPER, ET AL. *v.* SAM WHITEHURST, ET AL.

**Judgment in Vacation.**

> Where judgment is pronounced in a cause during a regular term of the court and the record shows "By agreement this action is resubmitted and the chancellor may file his judgment and the parties their bills of exceptions in vacation, all to have the same effect as if filed in regular term," such judgment is valid.

APPEAL FROM MARSHALL CIRCUIT COURT.

April 29, 1885.

There is a motion to dismiss this appeal because the judgment was filed and entered in vacation, and the appeal prosecuted before the next term of the court thereafter and before the order book of the court embracing this judgment was signed.

At the regular term of court this order was made:

"By agreement this action is resubmitted and the chancellor may file his judgment and the parties their bills of exceptions in vacation, all to have the same effect as if filed in regular term."

The judgment was filed July 28th and entered of record, and the bill of exceptions, over the signature of the judge of the court, was filed in the same way. The bill of exception concludes thus: "And

on the 25th day of July, 1884, was time the parties met to file bill of exceptions."

This shows that the parties did meet on that day and the bill was made in conformity to the agreement and it and the judgment filed and the latter entered of record as it had been agreed that it should be. We know of no law prohibiting parties from making such agreements of record, as that made in this case, and when made should certainly be enforced unless contrary to law. The judgment has all the verity it could have, since it was written by the judge of the court, except that the order book in which it was recorded is not signed by him after the same was recorded, and it was this signing which the parties dispensed with by their agreement. The bill of exceptions is signed. In the case of *Taylor v. Berry, et al.,* 6 Ky. Law 523, 13 Ky. Opin. 225, the court did not decide that a judgment written and filed by the judge in vacation was not binding, but waiving that question said that the refusal of the court on motion made at the next term after it was filed to set the judgment aside, made it the judgment of the court.

This could not have been if the judgment was void because made and entered in vacation.

*The motion is overruled.*

*W. G. Bullitt, for appellant.*

*Gilbert & Reed, for appellee.*